[Civ. No. 21412.   Second Dist., Div. Three.   Oct. 25, 1955.]

JOHN MILLER, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Warner & Jackson, Caryl Warner and Morris McLaughlin for Petitioner.

No appearance for Respondent.

SHINN, P. J.—The petition in this matter seeks review of an order allowing costs of trial against petitioner and prohibition to restrain enforcement of a judgment entered thereon. The following facts are shown by the petition.  In an action by Arthur Washburn against petitioner Miller verdict

and judgment were in favor of the plaintiff for $5,000 compensatory damages and $2,500 punitive damages. Plaintiff served and filed a cost bill and petitioner herein served and filed his motion to tax costs. He also moved for a new trial and upon a hearing thereof, the court made an order as follows: "Motion for a new trial granted on the ground of insufficiency of the evidence to justify the verdict, unless on or before Tuesday, September 13, 1955, Plaintiff shall file in this Court (Department 18) his consent in writing that the judgment be reduced to $3,000.00 compensatory damages. If said consent is so filed the motion for new trial is denied." In due time plaintiff served and filed a document reading as follows: "Plaintiff hereby consents to the amendment of the verdict and judgment herein so as to reduce the amount of the award to $3,000 plus costs, and waives and remits all sums in excess of $3,000 plus costs." In another department of the court plaintiff moved for entry of costs in the sum of $543.50 to which the petitioner objected. It is alleged in the petition that judgment for costs was entered in that amount, and unless restrained from so doing the court will issue execution upon said judgment; petitioner has appealed from the cost judgment and has filed an undertaking to stay execution. According to petitioner, there is no valid judgment by reason of the fact that a new trial was granted; prosecution of the appeal from the cost judgment would be expensive and would result in much inconvenience and delay.

Petitioner contends that the order made on motion for new trial granted a new trial for the reason that plaintiff did not comply with the condition of the order. Therefore, he claims the judgment that was entered on the verdict was vacated, and since there was no judgment in force thereafter, the court was without power to award costs to the plaintiff. He says that the judgment when reduced to $3,000 was within the jurisdiction of the municipal court (Code Civ. Proc., § 89, subd. 1) and hence would not carry costs as a matter of right (Code Civ. Proc., § 1032, subd. (d)). He says further that the remission by the plaintiff did not meet the condition of the court's order since it remitted "all sums in excess of $3,000 plus costs"; he could not reduce his judgment to $3,000 and have costs in addition. We cannot agree with petitioner's contentions.

Section 1032 of the Code of Civil Procedure, as amended (Stats. 1953, chap. 910, § 1), provides that "except as otherwise expressly provided, costs are allowed the pre-

vailing party of course . . . in an action for the recovery of money or damages'' and further provides in subdivision (d) ''In all actions, whether mentioned in this section or not, if the prevailing party recovers a judgment that could have been rendered in a court inferior in jurisdiction in the county or city and county, the court may at its discretion allow or deny costs to such prevailing party, or may allow costs in part in such amount as it deems proper.'' It is thus seen that there is no express provision denying costs to the prevailing party in an action for the recovery of money or damages when the recovery is for an amount within the jurisdiction of the lower court, although there was such a provision prior to the 1953 amendment of the section. Subdivisions (a) and (d), read together, mean that a plaintiff who recovers a judgment for an amount within the jurisdiction of a lower court is entitled to costs unless the court in its discretion denies him costs; subdivision (d) does not provide that he may not have his costs.

The order of the court on the motion for new trial gave plaintiff an opportunity to reduce his recovery to ''$3,000 compensatory damages'' which, inferentially, was exclusive of costs. Plaintiff complied with this condition and agreed to reduce the amount to ''$3,000 plus costs.'' It was not a condition of the court's order that plaintiff should not have his costs in addition to damages and he therefore had a right to claim them. If there could have been any doubt in the court's mind as to plaintiff's right to costs when the order for remission was made, and the wording of the order indicates there was none, the matter was settled by the later order taxing the costs at $543.50.

As the matter stands now plaintiff has a judgment for $3,543.50 and the records of the superior court should so show.

The petition is denied.

Wood (Parker), J., and Nourse (Paul), J. pro tem.,* concurred.

Petitioner's application for a hearing by the Supreme Court was denied December 21, 1955.

---

*Assigned by Chairman of Judicial Council.